### THE STATE v. S. W. LATHAM.

*Justice of the Peace—Statute, Construction of.*

A Justice of the Peace is not guilty of a violation of the statute (*The Code,* § 906) by failing to make report to the Clerk of the Superior Court when there have been no criminal cases disposed of by him within the time therein prescribed.

INDICTMENT for violation of section 906 of *The Code,* tried at February Term, 1891, of CRAVEN Superior Court, *Bryan, J.,* presiding.

The indictment charges that the defendant, being a Justice of the Peace, did, "on certain days in the years 1890 and 1891, try and formally dispose of certain criminal actions, and that he did wilfully and unlawfully fail to furnish the Clerk of the Superior Court at February Term, 1891, with a list containing the names of all parties tried in all criminal actions finally disposed of by him," etc.

The special verdict finds that the defendant failed to return such a list, but that such failure was attributable to the fact that "the defendant had no criminal proceedings of any kind before him, and no criminal cases of any kind were tried or to be tried and finally disposed of before him as a Justice of the Peace" during the period set forth in the indictment. It was also found that the defendant "had no papers in any criminal case or proceeding tried or to be tried before him between said terms to return to the Superior Court Clerk."

Upon this finding, the Court was of opinion that the defendant was not guilty, and the verdict was entered accordingly, and the Solicitor appealed.

*The Attorney General,* for the State.
No counsel for defendant.

SHEPHERD, J.:   We are of the opinion that his Honor was clearly right in holding that the defendant was not guilty.

*The Code,* § 906, under which the indictment was drawn, does not provide that a Justice of the Peace shall make a report stating that he has had no such final proceedings before him. If such had been the purpose of the Legislature, it would undoubtedly have said so. The statute only requires a return of such final criminal proceedings as may have been tried and disposed of. If no such proceedings have been had, how can the Justice furnish the Clerk " with a list of the names and offences " of the parties tried before him?

We cannot stretch the plain letter of the law so as to make the failure to do an impossible thing an indictable offence.

Affirmed.